```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

FIRSTMERIT BANK, N.A.,            )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     No.  12 C 887
                                  )
TRINITY MANAGEMENT ASSOCIATES,    )
L.P., et al.,                     )
                                  )
          Defendants.             )

### MEMORANDUM ORDER

This action has come to the calendar of this Court by random assignment after the untimely death of its friend and former colleague Honorable William Hibbler.  When this Court's consequent review of the docket reflected that two of the pleadings were not part of Judge Hibbler's chambers file, this Court's minute clerk printed out copies of the missing documents.  This Court's review of those pleadings has revealed defects in the Answer filed by defendants Trinity Management Associates, L.P. and three individual codefendants, and those errors have triggered this sua sponte memorandum order.

For one thing, the several paragraphs that seek to invoke the disclaimer provisions of Fed. R. Civ. P. ("Rule") 8(b)(5)--Answer ¶¶7, 12, 15, 19, 39 and 47--inexplicably depart from the plainly-marked-out roadmap prescribed by that rule.  Then, as if to compound that error, each of those paragraphs impermissibly goes on to say "therefore deny the same."  That is of course oxymoronic--how can a party that asserts (presumably in good

faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

Next, Answer ¶¶22, 24, 38, 42, 46 and 50 fail to provide responses to the corresponding allegations of the Complaint, as required by Rule 8(b)(1)(B), on the premise that those allegations "contain a legal conclusion and not a fact." That notion is misguided--see App'x ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Accordingly defendants cannot simply deny those Complaint allegations.

Finally, it appears that the Answer has overused the tactic of repeated denials in some other respects. Just to choose a single example, it is difficult to square the flat-out denial in Answer ¶21 with the express terms of the Guaranty that is part of Complaint Ex. C.[1]

Accordingly the existing Answer is stricken in its entirety, but with leave granted to file a self-contained Amended Answer on or before May 14, 2012. No charge is to be made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Defendants' counsel are ordered to

---

[1] What is said in the text is merely exemplary. When defense counsel return to the drawing board as they must, they will be expected to limit outright denials to allegations that really call for such a response.

apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: April 26, 2012